## PHARR & BECK v. HALE.

1. A plaintiff may move against the sheriff, for failing to make the money upon an execution issued on a judgment for costs, as in any other case. If the officer of court were moving in his own name, it should so appear upon the record, to be available on error.

Error to the Circuit Court of Talladega.

Motion by the plaintiff in error, against the defendant in error, as sheriff of Montgomery, for failing to make the money on an execution of the plaintiff, against Margaret Bachelor, and others, for $202 44, costs of suit. The notice contains the necessary allegations, that the writ came to the sheriff's hands, and that the money could have been made thereon, by due diligence, &c.

To the suggestion of the plaintiff, founded on the notice, the defendant demurred, and the court sustained the demurrer, and rendered judgment for the defendant, from which this writ is prosecuted. This is now assigned as error.

Chilton and Porter, for plaintiffs in error.

White, for defendant in error, cited 4 Ala. Rep. 539; 7 Id. 154.

ORMOND, J.—The decision of this court, in Gary v. Boykin, 7 Ala. R. 154, that the summary remedy by motion against the sheriff, did not apply to the officers of court seeking to collect their costs, and that where, as in that case, the debt had been paid by the sheriff to the plaintiff, the officers of the court could not, in the name of the plaintiff, move against the sheriff for their costs, does not apply here.

This is an ordinary judgment, in which the plaintiffs recovered the costs expended by them in prosecuting a suit, upon which an execution issued, which the sheriff has failed to collect. In Gary v. Boykin, it appeared by the plead-

ings, that the motion was made in behalf of the officers of the court, and that the name of the plaintiff was used by them to collect their fees. There is nothing in this record, from which it can be inferred, that such is the fact here. On the contrary, from the amount to be collected on the execution, the just inference is, that it is the act of the plaintiff himself. To bring the case within the decision previously referred to, it should appear on the record, that the motion was not made by the plaintiff. Let the judgment be reversed and the cause remanded.